GABER (FRANK), Respondent, vs. BALSIGER and another, Appellants.

*May 18—June 16, 1943.*

*J. G. McWilliams* of Janesville and *W. A. Loveland* of Monticello, for the appellants.

*Lamboley & Lamboley* of Monroe and *Stroud, Stebbins & Wingert* of Madison, for the respondent.

BARLOW, J. Appellants contend that even though the notice of appeal in separate actions was served as one notice of appeal, respondent was fully informed of the judgments and orders appealed from, and that the treatment of those actions as though they had been consolidated for the purpose of appeal has in no way harmed respondents.

The notice of appeal is part of the record in the Frank Gaber action. There is no notice of appeal included in the record of the Barbara Gaber action. The receipts which were issued by the clerk of court offer no help in clearing the record, and the certificate of the clerk of court attached to these receipts sets forth that they are the original receipts filed in the action "Frank Gaber and Barbara Gaber, plaintiffs, v. Sam Balsiger and Mary Balsiger, defendants."

No return on appeal was filed with this court in either action as required by the rules. This court necessarily has discretionary powers in requiring compliance with the rules governing appeals, and will give reasonable opportunity to correct errors which have been occasioned through mistake, inadvertence, or excusable neglect, on such terms as may be just. Supreme Court Rule 61. However, it is difficult to see just how and where one would begin to correct the errors in these appeals. If only one action was involved, it could be approached with much less difficulty. Some orderly procedure must be followed in order to perfect appeals to this court. As appellants failed to cause the proper return to be made to this court within the twenty-day period as required by Rule 4 of the Rules, plaintiff's motion to dismiss the appeal because of that failure is granted.

*By the Court.*—Appeal dismissed.